UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI GARCIA STRANGE,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES ARMY,<br><br>    Defendant. | No. 2:17-cv-2699 JAM AC PS<br><br>ORDER & FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c) (21). Plaintiff has also requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by statute. ECF No. 10; see also 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I.  SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining if the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure

1

("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

////

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE SECOND AMENDED COMPLAINT

Plaintiff is proceeding on his second amended complaint ("complaint"). ECF No. 12. The complaint names the United States Army as the sole defendant in this action. ECF No. 12 at 1. Although plaintiff asserts federal question as the basis for federal court jurisdiction, the complaint contains no identifiable federal cause of action against the defendant. Id. at 3-4. Instead, plaintiff asserts the following as the basis for jurisdiction: "[t]he military changed my birthday to make me older and I was the only boy in my family. I was assaulted and beaten." Id. at 4. The complaint does not contain any facts showing that federal jurisdiction exists, that is, that the case is properly filed in this court, rather than in a state court.

Moreover, the complaint does not contain a short and plain statement showing that plaintiff is entitled to relief as required by Fed. R. Civ. P. 8(a). Rather, the complaint, in its entirety, alleges: "I was 15 ½ years old when I was beaten and knock[ed] out by 6 soldiers stomping me at the request of my mess sergeant. Then he took a knife and cut my right pinky finger as punishment for not opening the mess hall on time in South Korea." ECF No. 12 at 5. For relief, plaintiff seeks "40 million dollars." Id.

A complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). It is unclear what claims plaintiff is attempting to assert against the defendant. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). Despite two opportunities to amend his complaint, plaintiff has presented no factual allegations from which the court could find defendant violated plaintiff's rights. Plaintiff's complaint does not meet the requirement for

pleading laid out in Twombly and Iqbal, supra.  Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted.

When the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend.  Lopez, 203 F.3d at 1126–30.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll, 809 F.2d 1446, 1448).  However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

Plaintiff's complaint has been twice dismissed with leave to amend and instructions for so doing.  However, the second amended complaint is no closer to stating a claim than were its predecessors.  This history demonstrates that either (1) there exist no facts which would state a claim, or (2) plaintiff is unable to follow the directions of the court and present a non-frivolous complaint.  Either way, further amendment would be futile.  Accordingly, dismissal should be with prejudice.

III.  CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that the motion to proceed in forma pauperis (ECF No. 10) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that the second amended complaint (ECF No. 12) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and further amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  July 25, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE